sxb 

# RECEIVED

OCT - 4 2018 P

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES TALLEY, JR.

   Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANSUNION DATA SOLUTIONS, LLC.,
LEXISNEXIS RISK SOLUTIONS, INC.,
CAPITAL ONE BANK USA NA,
MIDLAND CREDIT MANAGEMENT, INC.,
FIRST PREMIER BANK,THE BANK OF MISSOURI,
MID AMERICA BANK & TRUST COMPANY,
TIDEWATER FINANCE COMPANY

   Defendants.

1:18-cv-06716
Judge Thomas M. Durkin
Magistrate Judge Susan E. Cox

)
) Demand For Jury Trial
)
)
)
)
)
)
)
)
)

## **COMPLAINT**

## **Plaintiff**

1. At all times herein mentioned, plaintiff-Charles Talley, Jr. is a resident of Hoffman Estates, Illinois and are victim of repeated inaccurate credit reporting and collection activities by defendants.

## Defendants

2. EQUIFAX INFORMATION SERVICES, LLC, which may also hereinafter be referred to as "Equifax," a foreign corporation believed to be authorized to do and doing business in the State of Illinois.

3. EXPERIAN INFORMATION SOLUTIONS, INC., which may also hereinafter be referred to as "Experian," a foreign corporation believed to be authorized to do and doing business in the State of Illinois.

4. TRANSUNION DATA SOLUTIONS, LLC, which may also hereinafter be referred to as "TransUnion," a foreign corporation believed to be authorized to do and doing business in the State of Illinois.

5. LEXISNEXIS RISK SOLUTIONS, INC, which may also hereinafter be referred to as "LexisNexis," a foreign corporation believed to be authorized to do and doing business in the State of Illinois.

6. CAPITAL ONE BANK USA NA, which may also hereinafter be referred to as "Capital One Bank," a foreign corporation believed to be authorized to do and doing business in the State of Illinois.

7. MIDLAND CREDIT MANAGEMENT, INC., which may also hereinafter be referred to as "Midland," a foreign corporation believed to be authorized to do and doing business in the State of Illinois.

8. FIRST PREMIER BANK, which may also hereinafter be referred to as " Premier Bank," a foreign corporation believed to be authorized to do and doing business in the State of Illinois.

9. THE BANK OF MISSOURI, which may also hereinafter be referred to as "Bank of Missouri," a foreign corporation believed to be authorized to do and doing business in the State of Illinois.

10. MID AMERICA BANK & TRUST COMPANY, which may also hereinafter be referred to as "Mid America Bank," a foreign corporation believed to be authorized to do and doing business in the State of Illinois.

11. TIDEWATER FINANCE COMPANY, which may also hereinafter be referred to as "Tidewater," a foreign corporation believed to be authorized to do and doing business in the State of Illinois.

## JURISDICTION OF THE COURT and VENUE

12. Plaintiffs respectfully assert that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C.1331. Further, the matter in controversy exceeds $75,000.00, exclusive of costs and interest and the parties to these proceedings are citizens of different states. 28 U.S.C. 1332. Plaintiffs also assert actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiffs respectfully request that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. 1367. Venue is proper in this District as the Defendants reside in this judicial district and some of the events in this case took place in this Judicial District. 28 U.S.C. 1391(b),(c). The Court also has jurisdiction over this action pursuant to 15 U.S.C. § 1681 et seq., the "Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1692- et seq., the "Fair Debt Collection Practices Act." And 15 U.S.C § 45(a) FTC Act which prohibits unfair or deceptive acts or practices in or affecting commerce and the 5th and 14th amendment of the United States Constitution.

## **COMMON CAUSES**

13. That plaintiff received credit reports from TransUnion on December 27, 2017, February 7, 2018, March 2, 2018, March 20, 2018, April 23, 2018, but not limited to said dates.

14. That Plaintiff received credit reports from Experian on February 7, 2018, March 2, 2018, May 4, 2018, but not limited to said dates.

15. That Plaintiff received credit reports from Equifax on February 8, 2018, March 2, 2018, April 13, 2018, June 20, 2018 but not limited too said dates.

16. That Plaintiff received credit report from LexisNexis on June 1, 2018 but not limited to said date.

17. That Plaintiff is unaware of the true names and capacities of defendants that would possibly be amended, inclusive, and each of them, and therefore seeks to sue these defendants directly responsible as discovery investigation will reveal. Plaintiff will ask leave to amend this complaint to state their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants in some manner responsible for the injury and damage suffered by plaintiff as alleged in this complaint. Plaintiff is informed and believes, and on that basis alleges, that some of the defendants were the agents and employees of their codefendants, and each of them, and in doing the things alleged in this complaint were acting within the scope of their authority as agents and employees, with the permission and consent of their codefendants, and each of them.

## Capital One Bank USA NA Acct: #0187

18. That Plaintiff disputed Capital One Bank #0187 with a letter dated January 2, 2018 requesting validation showing that Plaintiff had a contractual obligation to pay them.

19. That Capital One Bank #0187 did not respond to aforementioned letter, until Plaintiff wrote a follow-up dispute letter dated February 7, 2018 requesting validation, showing that Plaintiff had a contractual obligation to pay them.

20. That Capital One Bank #0187 failed to verify the account within the thirty day time provided by the statute February 7, 2018.

21. That Capital One Bank #0187 failed to enter into Plaintiff's credit reports of TransUnion, Experian and Equifax, that Plaintiff was disputing the reports February 7, 2018 deadline as provided by statute in a timely manner. (see attached credit reports excerpts marked exhibit-A, B and C attached hereto and made a part of)

22. That Plaintiff wrote dispute letters to TransUnion, Equifax and Experian dated April 23, 2018 requesting validation of Capital One Bank account # 0187, challenging the accuracy, compliance and report ability of this listing, copies of documentation bearing Plaintiff's signature.

23. That Experian responded to Plaintiff's dispute letter dated April 23, 2018 with their Dispute Results in report#3820-7737-91 for 5/16/18 to-wit and fail to produce name of creditor, documentation associated with this account, bearing Plaintiff's signature and/or address Plaintiff's challenge of Capital One Bank's #0187 accuracy, compliance and report ability of this listing.

24. That TransUnion responded to Plaintiff's dispute letter dated April 23, 2018 with letter dated May 3, and May 10, 2018 stating they had until June 8, 2018 to respond, however never responded to Plaintiff's dispute letter challenging accuracy, compliance and report ability of this listing, nor did they provide contractual documentation bearing Plaintiff's signature to validate Capital One Bank # 0187.

25. That Equifax never responded to Plaintiff's- Charles Talley, Jr. dispute letter dated April 23, 2018 requesting validation of Capital One Bank account #0187 accuracy, compliance , report ability of this listing and documentation bearing Plaintiff's signature and maintain under his social security number.

26. That Capital One Bank has continued to collection activity on account #0187 even though it is in dispute in complete disregard of the statute related to this matter.

27. That Capital One Bank #0187, TransUnion, Equifax nor Experian have claimed that Plaintiff's request for validation is frivolous.

28. That Capital One Bank, TransUnion, Equifax and Experian have failed to validate Capital One Bank account #0187.

29. That Capital One Bank #0187, TransUnion, Equifax and Experian have failed to repond timely to Plaintiff's letters of Dispute.

30. That Capital One Bank #0187, TransUnion, Equifax and Experian by not complying and/or in a timely manner to Plaintiff's request for information have, have willfully and knowingly acted in disregard of the applicable statute related to the aforementioned facts.

31. That Capital One Bank #0187, TransUnion, Equifax and Experian knew or should have known they were not in compliance with state and Federal rules and regulations of the Fair Credit Reporting Act.

## Capital One Bank USA NA Acct: #9922

32. That Plaintiff disputed Capital One Bank #9922 with a letter dated January 2, 2018 requesting validation requesting documentation showing that Plaintiff had a contractual obligation to pay them.

33. That Capital One Bank #9922 responded to aforementioned letter, with a form letter dated January 17, 2018, attempting to validate the account without any documentation and/or signatures.

34. That Plaintiff wrote Capital One Bank #9922 a follow-up dispute letter dated February 10, 2018 requesting validation requesting documentation showing that Plaintiff had a contractual obligation to pay them.

35. That Capital One Bank #9922 failed to verify the account within the thirty day time provided by the statute February 7, 2018.

36. That Capital One Bank #9922 failed to enter into Plaintiff's credit reports of TransUnion, Experian and Equifax, that Plaintiff was disputing the reports February 7, 2018 deadline as provided by statute in a timely manner. (see attached credit reports excerpts marked exhibit-A, B and C attached hereto and made a part of)

37. That Plaintiff wrote dispute letters to TransUnion, Equifax and Experian dated April 23, 2018 requesting validation of Capital One Bank account # 9922, challenging the accuracy, compliance and report ability of this listing, copies of documentation bearing Plaintiff's signature.

38. That TransUnion responded to Plaintiff's dispute letter dated April 23, 2018 with letter dated May 3, 2018 stating they had to June 8, 2018 to respond to Capital One Bank #9922, however never responded to Plaintiff's dispute letter challenging accuracy, compliance and reportability of this listing, nor did they provide contractual documentation bearing Plaintiff's signature. (see letter from TransUnion dated May 3, 2018 marked Exhibit-D attached hereto and made a part of)

39. That Experian responded to Plaintiff's dispute letter dated April 23, 2018, with Dispute Results Report #3823-4604-87 for 6/11/18 stating the results for Capital One Bank #9922 was still pending.

40. That Experian responded with a Dispute Results Report #3555-8788-90 for 6/18/18 and fail to produce documentation bearing Plaintiff's signature and/or address Plaintiff's challenge of Capital One Bank's #9922 accuracy, compliance and reportability of this listing.

41. That Equifax responded to Plaintiff's dispute letter dated April 23, 2018 requesting validation of Capital One Bank account #9922 with letter dated May 16, 2018 confirmation # 8120096789 confirming validation of accuracy, compliance, report ability of this listing without documentation and/or Plaintiff's signature related to this account.

42. That Plaintiff wrote Dispute Letter dated May 29, 2018 to Experian requesting reinvestigation of Capital One Bank account #9922 Plaintiff requested description of procedure used to determine the accuracy and completeness of information, name address of each person contacted and documents providing Plaintiff's signature.

43. That Experian has never responded to Plaintiff's letter dated May 29, 2018 requesting information concerning the Capital One Bank account #9922.

44.  That Plaintiff wrote Dispute Letter  dated May 29, 2018 to Equifax requesting reinvestigation  of Capital One Bank account #9922 to-wit Plaintiff requested description of procedure used to determine the accuracy and completeness of information, name address of  each person contacted and documents providing Plaintiff's signature.

45.  That Equifax responded to Plaintiff's letter dated May 29, 2018 requesting information concerning the Capital One Bank account #9922, with a letter dated June 16, 2018 confirmation #8155099056 stating that they verified account, however gave plaintiff none of the information requested in his letter of dispute dated May 29, 2018, description of the procedure used to determine the accuracy and completeness of the information, names, addresses and telephone numbers of each person contacted regarding account and copy of documents providing my signature.

46.  That Capital One Bank has continued to collect on account #9922 even though it is presently being dispute in complete disregard of Plaintiff's investigation of this matter.

47.  That Capital One Bank #9922, TransUnion, Equifax nor Experian have claimed that Plaintiff's request for validation is frivolous.

48.  That Capital One Bank, TransUnion, Equifax and Experian have failed to validate Capital One Bank account #9922.

49.  That Capital One Bank #9922, TransUnion, Equifax and Experian have failed to respond timely to Plaintiff's letters of Dispute.

50.  That Capital One Bank #9922, TransUnion, Equifax and Experian by not complying and/or in a timely manner to Plaintiff's request for

information have willfully and knowingly acted in disregard of the applicable statute related to the aforementioned facts.

51. That Capital One Bank #9922, TransUnion, Equifax and Experian knew or should have known they were not in compliance with state and Federal rules and regulations of the Fair Credit Reporting Act.

### First Premier Bank Acct: #0601

52. That Plaintiff disputed First Premier Bank #0601 with a letter dated February 6, 2018 requesting validation requesting information showing that Plaintiff had a contractual obligation to pay them.

53. That First Premier Bank #0601 responded to Plaintiff's letter dated February 6, 2018, with a letter dated February 14, 2018, without any validation, documentation and/or signatures related to this account.

54. That Plaintiff wrote First Premier Bank #0601 a follow-up dispute letter dated February 23, 2018 requesting validation, showing that account is being reported accurately and/or Plaintiff had a contractual obligation to pay them.

55. That First Premier Bank #0601 responded with the exact same letter of January 14, 2018 only re-dated to March 2, 2018, again failing to verify the account with any documentation or information related to this account.

56. That Plaintiff wrote dispute letters to TransUnion, Equifax and Experian dated April 28, 2018 requesting validation of Premier Bank #0601, challenging the accuracy, compliance and report ability of this listing, copies of documentation bearing Plaintiff's signature.

57.  That Experian responded to Plaintiff's dispute letter dated April 28, 2018 with Dispute Results report #0868-5508-05 for 5/23/18 they did not produce documentation bearing Plaintiff's signature and/or address Plaintiff's challenge to Premier Bank #0601 accuracy, compliance and reportability of this listing.

58.  That Plaintiff wrote Experian a Dispute Letter  dated June 1, 2018 requesting reinvestigation  of Premier Bank #0601 and their 5/23/2018 Dispute Result 0868-5508-05, Plaintiff requested description of procedure used to determine the accuracy and completeness of information, name address of  each person contacted and documents providing Plaintiff's signature.

59.  That Experian responded to Plaintiff's dispute letter concerning Premier Bank #0601 dated June 1, 2018 with Dispute Results dated 6/22/18 Report #1273-4640-30 again without furnishing Plaintiff information Plaintiff requested, to ascertain the accuracy, compliance and reportability of this listing.

60.  That TransUnion responded to Plaintiff's dispute letter dated April 28, 2018 with Investigation Results dated May 25, 2018 file #348331109 stating they verified Plaintiff's request for information with Premier Bank #0601 without any documentation indicating accuracy, compliance and reportability of this listing, nor did they provide contractual documentation bearing Plaintiff's signature.

61.  That Plaintiff wrote TransUnion a Dispute Letter  dated June 1, 2018 requesting reinvestigation  of Premier Bank #0601 and their 5/25/2018 Dispute Result file #348331109 to-wit Plaintiff requested description of procedure used to determine the accuracy and completeness of

information, name address of each person contacted and documents providing Plaintiff's signature.

62. That TransUnion responded to Plaintiff's dispute letter concerning Premier Bank #0601 dated June 1, 2018 with Dispute Results dated 6/28/18 Report #348331109 again without furnishing Plaintiff information Plaintiff requested, to ascertain the accuracy, compliance and reportability of this listing.

63. That Equifax responded to Plaintiff's dispute letter dated April 28, 2018 requesting validation of Premier Bank #0601 Dispute Result dated May 18, 2018 confirmation# 8127072936 confirming validation of accuracy, compliance, report ability of this listing without any documentation and/or Plaintiff's signature related to this account.

64. That Plaintiff wrote Dispute Letter dated May 29, 2018 requesting reinvestigation of Premier Bank #0601 and their 5/18/2018 Dispute Result confirmation# 8127072936 to-wit Plaintiff requested Equifax's description of procedure used to determine the accuracy and completeness of information, name address of each person contacted and documents providing Plaintiff's signature.

65. That Equifax did not respond to Plaintiff's dispute letter concerning Premier Bank #0601 dated May 29, 2018 never produce information Plaintiff requested, to ascertain the accuracy, compliance and report ability of this listing.

66. That Premier Bank #0601 has continued collection activity on account #0601 even though it is presently being disputed in complete disregard of Plaintiff's investigation of this matter.

67. That Premier Bank #0601, TransUnion, Equifax nor Experian have claimed that Plaintiff's request for information or validation is frivolous.

68. That Premier Bank #0601, TransUnion, Equifax and Experian have failed to validate Premier Bank account #0601.

69. That Premier Bank #0601, TransUnion, Equifax and Experian have failed to respond timely to Plaintiff's request for information concerning disputed account.

70. That Premier Bank #0601, TransUnion, Equifax and Experian knew or should have known they were not in compliance state and Federal rules and regulations of the Fair Credit Reporting Act.

71. That Premier Bank #0601, TransUnion, Equifax and Experian by not complying and/or in a timely manner to Plaintiff,s request for information , have willfully and knowingly acted in disregard of the Fair Credit Reporting Act related to the aforementioned facts.

## **Credit One Bank Acct: #4397**

72. That Plaintiff disputed Credit One Bank #4397 with a letter dated January 2, 2018 requesting validation showing that Plaintiff had a contractual obligation to pay them.

73. That Credit One Bank #4397 responded to Plaintiff's dispute letter dated January 2, 2018  with letter dated January 12, 2018, without documents, plaintiff request for validation of a debt to them and indicating account was transferred to Midland Funding , LLC.

74. That Plaintiff wrote a follow-up letter dated February 7, 2018 to Credit One Bank #4397 requesting validation again, any viable evidence bearing Plaintiff's signature, description of the procedure used to

determine the accuracy and completeness of information, the name address of each person who personally verified this account, so Plaintiff could inquire how they verified without providing any proof, bearing Plaintiff's signature.

75. Credit One Bank #4397 responded to Plaintiff's follow-up dispute letter dated February 7, 2018 with a letter dated February 22, 2018 requesting more information again without validating account #4397.

76. That Plaintiff wrote dispute letters to TransUnion dated April 28, 2018 requesting validation of Credit One Bank #4397, requesting accuracy, compliance and reportability of this listing, copies of documentation bearing Plaintiff's signature.

77. That TransUnion never responded to Plaintiff's dispute letter dated April 28, 2018 requesting the information requested above.

78. That Credit One Bank #4397, nor TransUnion have claimed that Plaintiff's request for validation is frivolous.

79. That Credit One Bank #4397 and TransUnion have failed to validate account #4397.

80. That Credit One Bank #4397 did not report to TransUnion, Equifax and Experian,that account #4397 was being disputed by plaintiff as required by the statute the deadline was February 11, 2018. (see Equifax Report dated February 8, 2018 Exhibit-B3 page 12 of 19 attached hereto and made a part of)

81. That Credit One Bank #4397 has continued collection activity on account #4397 via Midland Funding, even though it is presently being disputed.

82. That Credit One Bank #4397, TransUnion, Equifax and Experian knew or should have known they were not in compliance with state and Federal rules and regulations of the Fair Debt Collection Practice Act and Fair Credit Reporting Act.

83. That Credit One Bank #4397, TransUnion, Equifax and Experian by not complying and/or in a timely manner to Plaintiff,s request for information , have willfully and knowingly acted in disregard of the Fair Credit Reporting Act related to the aforementioned facts.

## Midland Credit Management, Inc Acct: #3209

84. That Plaintiff never received a notice from Midland Funding concerning any collection of account #3209 other than Credit One Bank's referral to them in letter dated January 12, 2018.

85. That Plaintiff disputed Midland Credit Management #3209 with a letter dated March 7, 2018 requesting validation showing that Plaintiff had a contractual obligation to pay them.

86. That Midland Credit Management #3209 responded to Plaintiff's dispute letter dated March 7, 2018 with a letter dated March 19, 2018 requesting more information as to records Plaintiff request for validation of a debt to Midland Credit Management.

87. That Plaintiff wrote a letter dated April 28, 2018 to Midland Credit Management #3209 requesting validation again requesting any viable evidence bearing Plaintiff's signature, description of the procedure used to determine the accuracy and completeness of information, the name address of each person who personally verified this alleged account.

88. Midland Credit Management #3209 responded to Plaintiff's dispute letter dated April 28, 2018 with same form letter requesting more information dated May 21, 2018 without validating account #3209.

89. That Midland Credit Management #3209 has purchase Credit One Bank account #4397 and proceeded to collect on it from Plaintiff on/or about June 19, 2018 as indicated by Experian Dispute Result Report #4091-8929-13.

90. That Plaintiff wrote dispute letters to TransUnion, Equifax and Experian dated May 29, 2018 requesting validation of Midland Credit Management #3209, requesting validation, accuracy, compliance and report ability of this listing, copies of documentation bearing Plaintiff's signature.

91. That TransUnion never responded to Plaintiff's dispute letter dated May 29, 2018 requesting validation, accuracy, compliance and reportability of this listing, nor did they provide contractual documentation bearing Plaintiff's signature concerning Midland Credit Management #3209 rights to purchase and collect on Credit One Bank account #4397.

92. That Experian responded to Plaintiff's dispute letter dated May 29, 2018 with their Dispute Results in Report #4091-8929-13 for June 19, 2018 and fail to validate, produce documentation bearing Plaintiff's signature and/or address Plaintiff's challenge of Midland Credit Management #3209 accuracy, compliance and report ability of this listing.

93. That Equifax responded to Plaintiff's dispute letter dated May 29, 2018 with results of investigation dated June 20, 2018 confirmation #8162037362 requesting validation of Midland Credit Management #3209 accuracy, compliance , report ability of this listing and documentation bearing Plaintiff's signature and maintain under his social security number.

94.  That Midland Credit Management #3209 has continued collection activity on account even though it is being disputed with Credit One Bank account #4397 in complete disregard of the statute related to this matter.

95.  That Midland Credit Management #3209, TransUnion, Equifax nor Experian have claimed that Plaintiff's request for validation is frivolous.

96.  That Midland Credit Management #3209, TransUnion, Equifax and Experian have failed to validate Midland Credit Management #3209.

97.  That Midland Credit Management #3209, TransUnion, Equifax and Experian have failed to repond timely to Plaintiff's letters of providing information requested to ascertain the vality of account as per plaintiff's dispute letters.

98.  That Midland Credit Management #3209, TransUnion, Equifax and Experian knew or should have known they were not in compliance state and Federal rules and regulations of the Fair Debt Collection Practice Act and Fair Credit Reporting Act.

99.  That Midland Credit Management #3209, TransUnion, Equifax and Experian by not complying and/or in a timely manner to Plaintiff's request for information have willfully and knowingly acted in disregard of the Fair Debt Collection Practice Act and Fair Credit Reporting Act.

## THE BANK OF MISSOURI, MID AMERICA BANK & TRUST COMPANY, TIDEWATER FINANCE COMPANY

100.  That Plaintiff disputed MABTC/TFC account #1871 with a letter dated January 2, 2018 requesting validation, information showing that Plaintiff had a contractual obligation to pay them.

101. That MABTC/TFC account #1871 responded to Plaintiff's letter dated January 2, 2018, with a letter dated January 30, 2018 without validation of account 1871.

102. That Plaintiff wrote MABTC/TFC account #1871 a follow-up dispute letter dated February 7, 2018 requesting validation, showing that account is being reported accurately and/or had a contractual obligation to pay in absence of information to ascertain the validation of account.

103. That MABTC/TFC account #1871 responded to plaintiff's letter dated February 7, 2018 with a letter dated February 22, 2018 again failing to verify the account with any documentation, description of procedure used to determine the accuracy and completeness of the information related to this account. Defendant provided no name, address or telephone of people who personally verified this account, so Plaintiff could inquire how they verified account without Plaintiffs signature.

104. That Plaintiff wrote dispute letters to TransUnion, Equifax and Experian dated April 23, 2018 requesting validation of MABTC/TFC account #1871, challenging the accuracy, compliance and report ability of this listing, copies of documentation bearing Plaintiff's signature.

105. That TransUnion did not responded to Plaintiff's dispute letter dated April 23, 2018, they did not produce documentation bearing Plaintiff's signature and/or address Plaintiff's challenge to MABTC/TFC account #1871 accuracy, compliance and reportability of this listing.

106. That Equifax responded to Plaintiff's Dispute Letter dated April 23, 2018 with letter dated May 12, 2018 Confirmation #8121012312, stating the information in account #1871 that Plaintiff disputed has been verified, further submitting TBOM/TFC as creditor at this time in their report of account #1871 initials of a new creditor alongside of TFC (Tidewater

Finance Company) and disregarding plaintiff's request for information, so that Plaintiff could further investigate and/or ascertain the debts validly. challenging the accuracy, compliance, completeness and report ability of this listing,  copies of documentation bearing Plaintiff's signature.

107.  That Experian responded to Plaintiff's dispute letter concerning MABTC/TFC account #1871 dated April 23, 2018 with Important Information Letter Report #0868-5508-05 for 05/12/18, without validation of account as accurate or furnishing Plaintiff information Plaintiff requested, to ascertain the accuracy, compliance and reportability of this listing. (see letter marked Exhibit-E attached hereto and made a part of)

108.  That Plaintiff wrote Experian a follow-up letter dated May 29, 2018 concerning original letter dated April 23, 2018 again attempting to clear the matter up, however, Experian did not respond.

109.  That Plaintiff wrote a letter dated May 21, 2018 responding to Equifax's letter dated May 12, 2018 Confirmation #8121012312 responding to Equifax,s claim that TBOM/TFC alias MABTC/TFC has verified that the account they are reporting under Plaintiff's name is accurate requesting reinvestigation, providing description of procedure used to determine the accuracy and completion of the information, names, address and telephone number of each person contacted regarding this account. Again requesting documents be provided bearing Plaintiff's signature, showing Plaintiff has a legal binding contractual obligation to pay them the exact amount claimed.

110.  That Plaintiff wrote TransUnion a follow up dispute letter dated July 2, 2018 regarding inaccuracy in their credit reporting of TBOM/TFC alias MABTC/TFC account #1871 to-wit again requesting they verified Plaintiff's request for information with account #1871 with description of procedure

used to determine the accuracy and completion of the information, names, address and telephone number of each person contacted regarding this account. Again requesting documents be provided bearing Plaintiff's signature, showing Plaintiff has a legal binding contractual obligation to pay them the exact amount claimed.

111. That TransUnion reponded to Plaintiff's dispute letter dated July 2, 2018 regarding inaccuracy in their reporting of TBOM/TFC alias MABTC/TFC account #1871 with a Investigation Result Letter dated July 21, 2018 file number 348331109. In their result they state the disputed items was verified as belonging to Plaintiff, without information, description of procedure used to determine the accuracy and completion of the information, names, address and telephone number of each person contacted regarding this account. Again requesting documents be provided bearing Plaintiff's signature, showing Plaintiff has a legal binding contractual obligation to pay them the exact amount claimed.

112. That TransUnion Investigation Result Letter dated July 21, 2018 file number 348331109 reported duplicate accounts reported by TBOM/TFC alias MABTC/TFC account #1871 to-wit with same date opened, same past due amounts: $3,692. (see TransUnion Investigation Results marked Exhibit-F attached hereto and made a part of)

113. That the only difference in TBOM/TFC alias MABTC/TFC account #1871 are that one is listed as Installment Account and other listed as a Revolving Account among other things, they appear to be reaged accounts.

114. That Plaintiff wrote TransUnion a dispute letter dated August 13, 2018 in response to TBOM/TFC alias MABTC/TFC account #1871 duplicate

accounts in TransUnion's report dated July21, 2018, again asking for information so as to ascertain the validity of these accounts.

115. TransUnion responded to Plaintiff's dispute letter dated August 13, 2018 concerning MABTC/TFC account #1871 with TransUnions Investigation Results report dated August 30, 2018 file #348331109, stating that the disputed accounts were verified as belonging to plaintiff, again without sending information plaintiff requested to ascertain the validity of accounts himself. (see TransUnion Investigation Results marked Exhibit-G attached hereto and made a part of)

116. That TBOM/TFC alias MABTC/TFC account #1871 has continued collection activity on accounts #1871 even though it is presently being disputed in complete disregard of Plaintiff's investigation of this matter.

117. That TBOM/TFC alias MABTC/TFC accounts #1871, TransUnion, Equifax nor Experian have claimed that Plaintiff's request for information or validation is frivolous.

118. That TBOM/TFC alias MABTC/TFC account #1871, TransUnion, Equifax and Experian have failed to validate accounts #1871.

119. That TBOM/TFC alias MABTC/TFC account #1871, TransUnion, Equifax and Experian have failed to respond timely to Plaintiff's request for information concerning disputed account.

120. That TBOM/TFC alias MABTC/TFC account #1871, TransUnion, Equifax and Experian by not complying and/or in a timely manner to Plaintiff,s request for information have knowingly and willfully violated the Fair Debt Collection Practice Act and Fair Credit Reporting Act.

121. That TBOM/TFC alias MABTC/TFC account #1871, TransUnion, Equifax and Experian knew or should have known they were not in

compliance with state and Federal Statute, rules and regulations of the Fair Debt Collection Practice Act and Fair Credit Reporting Act.

122. That TBOM/TFC alias MABTC/TFC account #1871, TransUnion, Equifax and Experian knew or should have known that they were Reaging Accounts, and Federal regulations provide that a delinquent account is to be charged off 180 days after the date of delinquency.

123. That TBOM/TFC alias MABTC/TFC account #1871, TransUnion, Equifax and Experian were not in compliance with state and Federal Statutes, rules and regulations of the Fair Debt Collection Practice Act and Fair Credit Reporting Act.

124. That TBOM/TFC alias MABTC/TFC, TransUnion, Equifax and Experian in their reckless disregard for the rules and regulations of the Fair Debt Collection Practice Act and Fair Credit Reporting Act have denied Plaintiff due process and equal protection of the law.

## Equifax, Experian and LexisNexis Chapter-7 Bankruptcy #0210

125. That on April 13, 2018 Plaintiff reviewed his credit report ordered from MyFico.com, an Equifax's consumer credit report belonging to Plaintiff-Charles Talley, Jr.

126. That Plaintiff mailed a Dispute Letter dated June 4, 2018 to Equifax and Experian challenging the accuracy, compliance and report ability of Chapter-7 Bankruptcy #0210 listing.

127. That Plaintiff requested that Equifax validate the Bankruptcy information and provide copies of any documentation associated with this account, the name of court that furnish the listing to Equifax as per their April 13, 2018 Public Record entry in consumer credit report, ordered

through MyFico.  (see Exhibit-H Equifax report dated April 13, 2018 attached hereto and made a part of)

128.  That Equifax responded to Plaintiff's dispute letter dated June 4, 2018 with a letter dated June 12, 2018, confirmation #8162092188, The Results of Reinvestigation, stating that they obtained the information "from local, state and federal courts through a third party vendor, LexisNexis."  They go on to say, that "a dismissed/discharged chapter 7 bankruptcy remains on the credit file for ten years from the date filed."

129.  That Plaintiff wrote U.S. Bankruptcy Court, Northern District of Illinois a letter dated April 25, 2018 requesting information as to their procedures for reporting information to credit bureaus, from their office.

130. That Plaintiff received a response letter from U.S. Bankruptcy Court Northern District of Illinois, dated May 11, 2018 stating "The bankruptcy court does not perform any activities with the credit bureaus."  Further, that Plaintiff must contact the individual credit bureaus for their procedure for removing bankruptcy filings from their credit report. (see Clerk of Court letter marked Exhibit-I attached hereto and made a part of)

131.  That Plaintiff wrote a letter to LexisNexis dated June 25, 2018 challenging the accuracy, compliance and report ability of Bankruptcy Chapter-7 listing #0210, that Equifax claimed to have obtained from LexisNexis a third party vendor.  (see letter dated June 25, 2018 marked Exhibit-J attached hereto and made apart of)

132.  That LexisNexis responded to Plaintiff's letter dated June 25, 2018 with their letter dated July 24, 2018 stating their Resolution to the Bankruptcy Chapter-7 #0210 information, was deletion of the information from Plaintiff's credit report. (see letter dated July 24, 2018 marked Exhibit-J1 attached hereto and made a part of)

133. That LexisNexis wrote Plaintiff a letter dated July 31, 2018 stating they have tried to contact Equifax concerning the Bankruptcy Chapter-7 Dispute, however, Equifax will not respond. (see letter dated July 31, 2018 marked Exhibit-J2 attached hereto and made a part of)

134. That Equifax and Experian lead Plaintiff to believe, in their consumer credit reports, that they obtained Bankruptcy Chapter-7 information from U.S. Bankruptcy Court as furnisher of information. (see Exhibits-J3, J4, J5 and J6 attached hereto and made a part of )

135. That LexisNexis and Equifax are consumer credit reporting agencies as defined under the Fair Credit Reporting Act and Fair Debt Collection Practice Act.

136. That the true name of the furnisher of Bankruptcy Chapter-7 information should be listed like other accounts in Equifax and Experian's consumer credit reports.

137. That LexisNexis did not give notice to Plaintiff that they were publishing his Chapter-7 Bankruptcy files, and selling them to Equifax, Experian and other clients.

138. That Experian responded to Plaintiff's dispute letter dated June 4, 2018 with a Dispute Results letter dated June 21, 2018, Report #2749-9253-86, stating that "Outcome Remains-The **[company]** that reported this information has certified to Experian that the information is accurate. (see Exhibit-J7 attached hereto and made a part of)

139. That Plaintiff wrote another dispute letter dated August 1, 2018 requesting that Experian validate the Chapter-7 Bankruptcy #0210 in their Public Records listing information and provide copies of any documentation associated with this account, name of company that

furnish the listing to Experian as per their May 4, 2018 Report #3820-7737-91 and June 21, 2018, Report #2749-9253-86 Public Record entry in Plaintiff's consumer credit reports.

140.  That Experian responded to plaintiff's dispute letter dated August 1, 2018 with Dispute Results report #0609-2441-85 for 09/26/18 again stating "Outcome Remains-The **[company]** that reported this information has certified to Experian that the information is accurate. (see Exhibits-J8 and J9 attached hereto and made a part of )

141. That Plaintiff does not have a **[true furnisher]** listed to Dispute discrepancies of information with in Equifax nor Experian's consumer credit reports.

142. That any Credit Card Company, Bank, Employer etc. using Equifax's or Experian's Credit Reports would have a tendency to deny credit or favor the creditors, banks, employers etc. when lead to believe furnisher of information is listed as **[The Court].**

143.  That Experian and Equifax knowingly, willfully and systematically gets unverified, inaccurate, incomplete and unreportable Chapter-7 Bankruptcy information from LexisNexis and list it into plantiff's credit report. (see Exhibit-J10 and J11 attached hereto and made a part of)

144.  That LexisNexis when offering their Bankruptcy Information Files to various business and/or Credit Reporting Bureaus places a disclaimer on this product. (see Exhibit-J10 and J11 attached hereto and made a part of)

145. That Equifax nor Experian list LexisNexis name as the **[furnisher]** of Chapter-7 Bankruptcy information in their Consumer Credit Reports public records.

146. That Equifax, Experian and LexisNexis have knowingly and willfully acted in a concerted and systematic manner to created a furnisher under Public Records, in their consumer reports, that is Undisputable for Plaintiff or any other consumer attempting to dispute the accuracy, compliance and report ability of a Chapter-7 Bankruptcy listing under their public records.

147. That Equifax, Experian and LexisNexis by employing a systematic procedure to: (a) list Court as the Furnisher of Chapter-7 Bankruptcy information, (b) and when disputed by Plaintiff allude to LexisNexis or Company as Furnisher of Chapter-7 Bankruptcy information (c) again, when Furnisher- LexisNexis information is disputed by Plaintiff, (d) LexisNexis deletes listing/account from LexisNexis reports, for failure to validate the accuracy in timely manner, (e) Equifax and Experian get to continue to report Plaintiff's Chapter-7 Bankruptcy for ten years, even though there is no legitimate Furnisher of the information listed in plaintiff's credit reports.

148. That Experian in Plaintiff's credit reports under Public Records allege that **"Company that reported the information has certified to Experian that the information is accurate."**

149. That Experian has knowingly and willfully refuse to comply with plaintiff's request for information throughout this complaint, with numerous letters mailed certified with return receipts.

150. That Equifax, Experian and LexisNexis by agreeing to list Court as the Furnisher of Chapter-7 Bankruptcy in Plaintiff's Credit report, have denied Plaintiff due process and Equal Protection of the law.

151. That the purpose of a Chapter-7 Bankruptcy Petition is to void payment of debt and to give Plaintiff a fresh start in his finances.

152. That LexisNexis, Equifax or Experian Credit Reporting Bureaus have the authority to correct and/or delete any of the inaccurate, unfair information disputed by the plaintiff.

153. That on September 24, 2018 Plaintiff-Charles Talley, Jr. went to Hertz Car Sales, spoke with Sales Coordinator-Tomas Lozano and he submitted an application for credit check, a prerequisite for obtaining car financing to-wit due to a 480 credit score plaintiff was denied, further plaintiff was told he would have to put at least $1500 to $2000 dollars down.

154. That on September 24, 2018 Plaintiff-Charles Talley, Jr. went to Zeigler Auto Group, spoke with Sales Associate-Tony Horton and he submitted an application for credit check prerequisite for obtaining a car financing to-wit due to bankruptcy and low credit score plaintiff was denied, further plaintiff was told he would have to make a down payment or get a co-signer.

155. That plaintiff have purchased brand new cars on credit going back to 2004, a Chevy Calvalier (2004) and Chevy Cobalt (2008) and have never had to make a down payment or required to have a co-signer.

156. That the transmission has went out on plaintiff's Chevy Cobalt, which needs repairs, replaced or another vehicle to service plaintiff's pest control customers.

157. That all defendants have arbitrarily and capriciously, knowingly and willfully throughout this complaint denied Plaintiff-Charles Talley, Jr. information as to his credit reports and/or refuse to delete fake furnishers of information when brought to their attention, there by denying plaintiff due process and equal protection of the law.

## **Request for Jury Trial**

Plaintiff demands a jury trial on all issues triable by a jury.

## **Prayer for Relief**

WHERFORE, Plaintiff-Charles Talley, Jr. prays for a reasonable and fair judgment against defendant for willful noncompliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined by 15 U.S.C. § 1681 et seq., the "Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1692- et seq., the "Fair Debt Collection Practices Act." And 15 U.S.C § 45(a) FTC Act which prohibits unfair or deceptive acts or practices affecting commerce and the denial of due process and equal protection of the law, as provided by the 5th and 14th amendment of the U.S. Constitution.

Reasonable attorney fees and costs of suit under Title 15 of the United States Code, section 1692k;

$225,000 for actual damages according to proof at time of trial;

$225,000 in punitive damages according to proof at time of trial;

$225,000 in liquidated damages according to proof at time of trial;

$225,000 in special damages according to proof at time of trial;

$225,000 in incidental damages according to proof at time of trial;

Permanent injunction against the Defendant from reporting derogatory information about Plaintiff to Consumer Reporting Agencies (credit bureaus)

Permanent injunction against Defendants for their knowingly and wilfully failure to give plaintiff information as to the procedure used to determine the accuracy and completeness of disputed information, including the business name and address, and telephone number of any one contacted as to the validity of account information.

Plaintiff respectfully request that aforemention damages be paid by all defendant's individually and collectively against defendants.

Plaintiff prays for any further relief which the court may deem appropriate.

Respectfully Submitted,

Charles Talley, Jr.
1360 Devonshire Ln.
Hoffman Estates, IL 60169

Ph: (847) 890-2905

https://usa.experian.com/#/printReport?type=CDI&contact=true

## ●:experian

CHAR

Perso

Date G

Report N

## At a Glance          13 Accounts          1 Public Records          5

## Personal Information

2 Names          7 Addresses          2 Employers          7 Other Records

This information is reported to us by you, your creditors and/or other sources. Each source may report your information differently, which may r
your name, address, Social Security number, etc. This is used for identification purposes only and does not factor into your Credit Score.

### Names

CHARLES TALLEY
Name ID #2226

CHARLES TALLEY
Name ID #916

### Addresses

1360 DEVONSHIRE LN
HOFFMAN ESTATES, IL 60169-4002
Address ID #0118029567
Single family

9756 S EMERALD AVE
CHICAGO, IL 60628-1042
Address ID #0126561560
Single family

PO BOX 378501
CHICAGO, IL 60637-8501
Address ID #0126833272
Post office box

9354 S BISHOP ST FL
CHICAGO, IL 60620-5
Address ID #0126323

Single family

5023 S INDIANA AVE
CHICAGO, IL 60615-2118
Address ID #0126102744
Single family

1360 DEVONSHIRE LN
CHICAGO, IL 60620
Address ID #0753528867
Single family

9123 S CARPENTER ST
CHICAGO, IL 60620-3532
Address ID #0126310111
Single family

### Year of Birth

1948

### Phone Numbers

Exhibit — A

2/7/2018, 10:46 AM

## CAPITAL ONE

Pote
Ne

| | | | |
|---|---|---|---|
| **Account Name** | CAPITAL ONE | **Balance** | |
| **Account Number** | 517805XXXXXXXXXX | **Balance Updated** | |
| **Account Type** | Credit card | **Recent Payment Amount** | |
| **Responsibility** | Individual | **Monthly Payment** | |
| **Date Opened** | 03/30/2016 | **Credit Limit** | |
| **Status** | Account charged off. $990 written off. $990 past due as of Feb 2018. | **Highest Balance** | |
| | | **Terms** | |
| **Status Updated** | 02/04/2018 | **On Record Until** | |

## Payment History

**LEGEND**

| | | |
|---|---|---|
| (OK) Current on payments | (30) 30 Days Past Due | (60) 60 Days Past Due |
| (90) 90 Days Past Due | (120) 120 Days Past Due | (150) 150 Days Past Due |
| (ND) No data for this time period | (CO) Charge off | |

### 2018

| JAN | FEB | MAR | APR |
|---|---|---|---|
| CO | CO | | |
| **MAY** | **JUN** | **JUL** | **AUG** |
| | | | |
| **SEP** | **OCT** | **NOV** | **DEC** |
| | | | |

### 2017

| JAN | FEB | MAR | APR |
|---|---|---|---|
| OK | 30 | 60 | 90 |
| **MAY** | **JUN** | **JUL** | **AUG** |
| 120 | 150 | ND | CO |
| **SEP** | **OCT** | **NOV** | **DEC** |
| CO | CO | CO | CO |

### 2016

| JAN | FEB | MAR | APR |
|---|---|---|---|
| | | | OK |
| **MAY** | **JUN** | **JUL** | **AUG** |
| OK | OK | OK | OK |
| **SEP** | **OCT** | **NOV** | **DEC** |
| OK | OK | OK | OK |

## Historical Info

| | |
|---|---|
| **First Reported** | 04/2016 |

## Balance History

| | | |
|---|---|---|
| JAN 2018 | $990 | $0 |

A-1

https://usa.experian.com/#/prntReport?type=CDI&contact=tn

## Creditor Info

| | Balance | Scheduled Payment | Paid on 12/12/2016 |
|---|---|---|---|
| **Phone Number** (800) 227-4825 | DEC 2017 | $990 Balance | $0 Scheduled Payment |
| **Address** PO BOX 30285 SALT LAKE CITY, UT 84130 | | | |
| | NOV 2017 | $990 Balance | $0 Scheduled Payment |
| ## Comment | OCT 2017 | $990 Balance | $0 Scheduled Payment |
| Account previously in dispute - investigation complete, reported by data furnisher | SEP 2017 | $990 Balance | $0 Scheduled Payment |
| Account closed at credit grantor's request. | AUG 2017 | $990 Balance | $0 Scheduled Payment |
| | JUN 2017 | $970 Balance | $30 Scheduled Payment |
| | MAY 2017 | $949 Balance | $29 Scheduled Payment |
| | APR 2017 | $929 Balance | $29 Scheduled Payment |
| | MAR 2017 | $909 Balance | $60 Scheduled Payment |
| | FEB 2017 | $857 Balance | $61 Scheduled Payment |
| | JAN 2017 | $805 Balance | $49 Scheduled Payment |
| | DEC 2016 | $763 Balance | $25 Scheduled Payment |
| | NOV 2016 | $733 Balance | $25 Scheduled Payment |
| | OCT 2016 | $709 Balance | $25 Scheduled Payment |

A-2

2/7/2018, 10:46 AM

https://usa.experian.com/#/printReport?type=CDI&contact=true

| SEP 2016 | $481 Balance | $25 Scheduled Payment | $0 Paid on 09/26/2016 |
| AUG 2016 | $498 Balance | $25 Scheduled Payment | $0 Paid on 08/08/2016 |
| JUL 2016 | $468 Balance | $25 Scheduled Payment | $0 Paid on 07/18/2016 |
| JUN 2016 | $462 Balance | $25 Scheduled Payment | $0 Paid on 06/18/2016 |
| MAY 2016 | $502 Balance | $25 Scheduled Payment | $0 Paid on 05/23/2016 |
| APR 2016 | $485 Balance | $25 Scheduled Payment | $0 Paid on Invalid date |

## CAPITAL ONE

Pote
Ne

| Account Name | CAPITAL ONE | Balance | |
| --- | --- | --- | --- |
| Account Number | 517805XXXXXXXXXX | Balance Updated | |
| Account Type | Credit card | Recent Payment Amount | |
| Responsibility | Individual | Monthly Payment | |
| Date Opened | 03/03/2011 | Credit Limit | |
| Status | Discharged through Bankruptcy Chapter 7. | Highest Balance | |
| Status Updated | 02/04/2018 | Terms | |

## Payment History

**LEGEND**

(OK)  Current on payments        (30)  30 Days Past Due        (60)  60 Days Past Due



A-3

2/7/2018, 10:46 AM



## Historical Info

**First Reported**                     03/2011

## Creditor Info

**Phone Number**                     (800) 227-4825

**Address**                     PO BOX 30285 SALT LAKE
                                    CITY, UT 84130

## Comment

Account closed at credit grantor's request.

## CAPITAL ONE                                                    Pote
                                                                 Ne

| | | | |
|---|---|---|---|
| **Account Name** | CAPITAL ONE | **Balance** | |
| **Account Number** | 517805XXXXXXXXXX | **Balance Updated** | ( |
| **Account Type** | Credit card | **Recent Payment Amount** | |
| **Responsibility** | Individual | **Monthly Payment** | |
| **Date Opened** | 02/24/2016 | **Credit Limit** | |
| **Status** | Account charged off. $1,015 written off. $1,015 past due as of Feb 2018. | **Highest Balance** | |
| | | **Terms** | |
| **Status Updated** | 02/04/2018 | **On Record Until** | |

A-4

## Payment History

**LEGEND**

- (OK) Current on payments
- (30) 30 Days Past Due
- (60) 60 Days Past Due
- (90) 90 Days Past Due
- (120) 120 Days Past Due
- (150) 150 Days Past Due
- (ND) No data for this time period
- (CO) Charge off

### 2018

| JAN | FEB | MAR | APR |
|---|---|---|---|
| CO | CO | | |
| MAY | JUN | JUL | AUG |
| | | | |
| SEP | OCT | NOV | DEC |
| | | | |

### 2017

| JAN | FEB | MAR | APR |
|---|---|---|---|
| OK | 30 | 60 | 90 |
| MAY | JUN | JUL | AUG |
| 120 | 150 | ND | CO |
| SEP | OCT | NOV | DEC |
| CO | CO | CO | CO |

### 2016

| JAN | FEB | MAR | APR |
|---|---|---|---|
| | | OK | OK |
| MAY | JUN | JUL | AUG |
| OK | OK | OK | OK |
| SEP | OCT | NOV | DEC |
| OK | OK | OK | OK |

## Historical Info

**First Reported**          03/2016

## Creditor Info

**Phone Number**          (800) 227-4825

**Address**          PO BOX 30285 SALT LAKE CITY, UT 84130

## Comment

Account previously in dispute - investigation complete, reported by data furnisher

Account closed at credit grantor's request.

## Balance History

| | Balance | Scheduled Payment |
|---|---|---|
| JAN 2018 | $1,015 | $0 |
| DEC 2017 | $1,015 | $0 |
| NOV 2017 | $1,015 | $0 |
| OCT 2017 | $1,015 | $0 |
| SEP 2017 | $1,015 | $0 |
| AUG 2017 | $1,015 | $0 |
| JUN 2017 | $995 | $33 |

A-5

 **myFICO**     Charles Talley Jr  |  February 8, 2018  |  Equifax

# FICO® Score 8 Summary

# 494

FICO® Score 8 based on Equifax
data as of February 8, 2018

Your FICO® Score considers both positive and negative information in your credit report. The chart below shows the "ingredients" that affected your FICO score. Use this tool to help you understand how your credit behaviors can have a positive or negative impact on your score.

### Your FICO® Score is Poor



Your score is well below the average score of U.S. consumers and demonstrates to lenders that you are a risky borrower.

- FICO® Scores range between 300 and 850
- Higher scores are better scores
- The higher your score, the more favorably lenders look upon you as a credit risk

| FICO® score ingredients | How you rate |
|---|---|
| **Payment history** Your history of paying bills on time. | Poor |
| **Amount of debt** Your total amount of outstanding debt. | Fair |
| **Length of credit history** How long you've had credit. | Good |
| **Amount of new credit** Amount of credit you've recently obtained or applied for. | Very Good |

### Additional FICO Score Versions

| FICO Score | Version | Score Range | Score Rating | Negative Score Factors |
|---|---|---|---|---|
| **Commonly Used in Mortgage Lending** | | | | |
| **551** | **FICO® Score 5** Older version, most widely used for mortgage lending | 300-850 | Poor | 1. You have a serious delinquency or derogatory indicator, public record and/or collection on your credit report. 2. You have one or more accounts showing missed payments or derogatory indicators. 3. You've made heavy use of your available revolving credit. 4. You recently missed a payment or had a derogatory indicator reported on your credit report. |

**Commonly Used in Auto Lending**

Exhibit-B

| Date of last activity | Oct, 2013 |
|---|---|
| Account number | XXXXXXXXXXXX7013 |
| Loan type | Charge Account |
| Account Type | Unknown |
| Account holder | Individual |
| Industry | Mail Order Firms |

Descriptions

Bankruptcy chapter 7
Bankruptcy discharged

No contact information provided by Equifax

| Balance | Current Status |
|---|---|
| **Not Reported** | **Included in Bankruptcy** |

**Seven year payment history**

| 30 days late | 0 times |
|---|---|
| 60 days late | 0 times |
| 90+ days late/other derogatory | 0 times |

**Worst Delinquency**

| None Reported |
|---|
| The Worst Delinquency reports the worst missed payment status that has been documented on this account. Your FICO® score evaluates how recently that missed payment occurred and in general, the more recent, the more impact it has on your score. However, the fact that it occurred is still predictive of future payment risk and could be considered by your FICO® score. |

---

Credit Card
## Capital One Bank Usa

Feb, 2018

| Status as of | Feb, 2018 |
|---|---|
| Date opened | Feb, 2016 |
| Date of last activity | Feb, 2017 |
| Loan type | Credit Card |
| Credit limit | $750 |
| Account Type | Revolving |
| Account holder | Individual |
| Industry | All Banks |



Descriptions

Charged off account
Account closed by credit grantor

No contact information provided by Equifax

| Balance | Current Status | Past Due Amount |
|---|---|---|
| **$1,015** | **Charge-off** | **$1,015** |

**Seven year payment history**

| 30 days late | 1 time (Feb 2017) |
|---|---|
| 60 days late | 1 time (Mar 2017) |
| 90+ days late/other derogatory | 9 times (Jan 2018, Dec 2017, Nov 2017, Oct 2017, Sep 2017, Aug 2017, Jun 2017, May 2017, Apr 2017) |

**Recent payment history**

| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 | 60 | 90 | 120 | CO | CO | CO | CO | CO | CO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 1 |

| 2016 | 2017 | 2018 |
|---|---|---|

Legend:   ☐ Not Open    ☐ Unknown    OK Currently paid as agreed

30 30 days late    60 60 days late    90 90 days late

120 120 days late

CO Charge Off/Other Derogatory

**Worst Delinquency**

| 120+ days past due |
|---|
| The Worst Delinquency reports the worst missed payment status that has been documented on this account. Your FICO® score evaluates how recently that missed payment occurred and in general, the more recent, the |



more impact it has on your score. However, the fact that it occurred is still predictive of future payment risk and could be considered by your FICO® score.

---

Credit Card
## Capital One Bank Usa
Feb, 2018

| Status as of | Feb, 2018 |
|---|---|
| Date opened | Mar, 2011 |
| Date of last activity | Sep, 2014 |
| Account number | XXXXXXXX6384 |
| Loan type | Credit Card |
| Account Type | Unknown |
| Account holder | Individual |
| Industry | All Banks |

| Balance | Current Status |
|---|---|
| **Not Reported** | **Included in Bankruptcy** |

**Seven year payment history**

| 30 days late | 0 times |
|---|---|
| 60 days late | 0 times |
| 90+ days late/other derogatory | 0 times |

**Descriptions**

Bankruptcy chapter 7
Account closed by credit grantor
Bankruptcy discharged

No contact information provided by Equifax

**Worst Delinquency**

None Reported

The Worst Delinquency reports the worst missed payment status that has been documented on this account. Your FICO® score evaluates how recently that missed payment occurred and in general, the more recent, the more impact it has on your score. However, the fact that it occurred is still predictive of future payment risk and could be considered by your FICO® score.

---

Credit Card
## Capital One Bank Usa
Feb, 2018

| Status as of | Feb, 2018 |
|---|---|
| Date opened | Mar, 2016 |
| Date of last activity | Feb, 2017 |
| Loan type | Credit Card |
| Credit limit | $750 |
| Account Type | Revolving |
| Account holder | Individual |
| Industry | All Banks |

| Balance | Current Status | Past Due Amount |
|---|---|---|
| **$990** | **Charge-off** | **$990** |

**Seven year payment history**

| 30 days late | 1 time (Feb 2017) |
|---|---|
| 60 days late | 1 time (Mar 2017) |
| 90+ days late/other derogatory | 9 times (Jan 2018, Dec 2017, Nov 2017, Oct 2017, Sep 2017, Aug 2017, Jun 2017, May 2017, Apr 2017) |


No Dispute
from 1/21/18
either

**Descriptions**

Charged off account
Account closed by credit grantor

No contact information provided by Equifax

**Recent payment history**

| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 | 60 | 90 | 120 | | CO | CO | CO | CO | CO | CO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 1 |

| 2016 | 2017 | 2018 |
|---|---|---|

**Legend:**   Not Open   Unknown   **OK** Currently paid as agreed

**30** 30 days late   **60** 60 days late   **90** 90 days late

**120** 120 days late

B-2

Charge
Off/Other
Derogatory

**Worst Delinquency**

120+ days past due

The Worst Delinquency reports the worst missed payment status that has
been documented on this account. Your FICO® score evaluates how
recently that missed payment occurred and in general, the more recent, the
more impact it has on your score. However, the fact that it occurred is still
predictive of future payment risk and could be considered by your FICO®
score.

---

 Credit Card

**Barclays Bank Delawa**                                          Feb, 2018

| | |
|---|---|
| Status as of | Feb, 2018 |
| Date opened | Aug, 2007 |
| Date of last activity | Sep, 2014 |
| Loan type | Credit Card |
| Account Type | Unknown |
| Account holder | Individual |
| Industry | All Banks |

Descriptions

Bankruptcy chapter 7
Account closed by credit grantor
Bankruptcy discharged

No contact information provided by Equifax

| Balance | Current Status |
|---|---|
| **Not Reported** | **Included in Bankruptcy** |

**Seven year payment history**

| 30 days late | 0 times |
|---|---|
| 60 days late | 0 times |
| 90+ days late/other derogatory | 0 times |

**Worst Delinquency**

None Reported

The Worst Delinquency reports the worst missed payment status that has
been documented on this account. Your FICO® score evaluates how
recently that missed payment occurred and in general, the more recent, the
more impact it has on your score. However, the fact that it occurred is still
predictive of future payment risk and could be considered by your FICO®
score.

---

 Credit Card

**Credit One Bank**                                              Oct, 2017

| | |
|---|---|
| Status as of | Oct, 2017 |
| Date opened | Nov, 2015 |
| Date of last activity | Feb, 2017 |
| Loan type | Credit Card |
| Credit limit | $700 |
| Account Type | Revolving |
| Account holder | Individual |
| Industry | All Banks |

Descriptions

Charged off account

No contact information provided by Equifax

| Balance | Current Status |
|---|---|
| **$0** | **Charge-off** |

**Seven year payment history**

| 30 days late | 1 time (Mar 2017) |
|---|---|
| 60 days late | 1 time (Apr 2017) |
| 90+ days late/other derogatory | 5 times (Sep 2017, Aug 2017, Jul 2017, Jun 2017, May 2017) |

**Recent payment history**



B-3

Report Created On: 02/07/2018
File Number: 348331109

SSN: XXX-XX-8070
Your SSN has been masked for your protection.

You have been on our files since 03/01/1986
Date of Birth: 08/15/1948

**Names Reported:** CHARLES TALLEY JR

**Addresses Reported:**

| Address | Date Reported |
|---|---|
| 1360 DEVONSHIRE LN, HOFFMAN ESTATES, IL 60169-4002 | 10/04/2003 |
| 1360 DEVONSHIRE LN, CHICAGO, IL 60620 | 07/31/2011 |
| 9123 S CARPENTER ST, CHICAGO, IL 60620-3532 | 03/31/2011 |
| PO BOX 378501, CHICAGO, IL 60637-8501 | 10/01/2002 |
| 8105 S HONORE ST, CHICAGO, IL 60620-4564 | |
| 7949 S MARSHFIELD AVE, CHICAGO, IL 60620-4332 | 02/12/2007 |

**Telephone Numbers Reported:**

| | | | | | | |
|---|---|---|---|---|---|---|
| (847) 890-1958 | (847) 884-8604 | (779) 319-0785 | (847) 884-1572 | (773) 319-0785 | (847) 310-0039 | (773) 297-5334 |
| (773) 468-1376 | (773) 488-6424 | | | | | |

**Employment Data Reported:**

| Employer Name | Position | Date Verified |
|---|---|---|
| SELF EMPLOYED | PEST CONTROL | 11/16/2006 |
| PEST CONTROL MAN | | 02/01/2002 |

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

**Rating Key**
Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Please note: Some but not all of these ratings may be present in your credit report.

**Remarks Key**
Additionally, some creditors may notate your account with comments each month. We refer to these creditor comments as 'Remarks'. The key below gives the descriptions of the abbreviated remarks contained in your credit file. Any remark containing brackets > < indicates that this remark is considered adverse.

| | | |
|---|---|---|
| **CBG** CLOSED BY CREDIT GRANTOR | **CLS** CREDIT LINE SUSPENDED | **PAL** PURCHASED BY ANOTHER LENDER |
| >PRL< UNPAID BALANCE CHARGED OFF | | |

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

---

**BARCLAYS BANK DELAWARE   #00005616165****
125 S WEST ST
WILMINGTON, DE 19801
(866) 370-5931

| Date Opened: | 08/14/2007 | Balance: | $0 | Pay Status: | >Account Included in Bankruptcy< |
|---|---|---|---|---|---|
| Responsibility: | Individual Account | Date Updated: | 02/01/2018 | | |
| Account Type: | Revolving Account | Last Payment Made: | 07/30/2014 | Date Closed: | 11/07/2014 |
| Loan Type: | CREDIT CARD | High Balance: | $873 | | |
| | | Credit Limit: | $850 | | |

Remarks: >CHAPTER 7 BANKRUPTCY<; CLOSED BY CREDIT GRANTOR
Estimated month and year that this item will be removed: 08/2021

Exhibit—C

| | 01/2018 | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | 07/2017 | 06/2017 | 05/2017 | 04/2017 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X |

| | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X |

| | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X |

| | 07/2015 | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | N/R | N/R | N/R | N/R | N/R | X | X | X | X | X |

| | 09/2014 | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 06/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 05/2011 | 04/2011 |
|---|---|---|
| Rating | OK | OK |

- **CAPITAL ONE BANK USA NA  #517805766902******
  PO BOX 30281
  SALT LAKE CITY, UT 84130
  (800) 955-7070

| | | | | |
|---|---|---|---|---|
| Date Opened: | 03/30/2016 | Date Updated: | 01/07/2018 | Pay Status: | >Charged Off< |
| Responsibility: | Individual Account | Last Payment Made: | 12/12/2016 | Terms: | Paid Monthly |
| Account Type: | Revolving Account | Original ChargeOff: | $990 | Date Closed: | 08/06/2017 |
| Loan Type: | CREDIT CARD | | | >Maximum Delinquency of 120 days in 05/2017 for $195 and in 06/2017 for $224< | |

**Credit Limit:** Credit limit of $500 from 04/2016 to 08/2016; $750 from 09/2016 to 06/2017; $750 from 08/2017 to 01/2018
**Estimated month and year that this item will be removed:** 01/2024

*No in dispute Entry within 30 days*

Page 2 of 16

C - 1

| | 01/2018 | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | 07/2017 | 06/2017 | 05/2017 | 04/2017 |
|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $990 | $990 | $990 | $990 | $990 | $990 | | $970 | $949 | $929 |
| | | | | | | | | | | |
| High Balance | $990 | $990 | $990 | $990 | $990 | $990 | | $970 | $949 | $929 |
| Remarks | CBG >PRL< | CBG >PRL< | CBG >PRL< | CBG >PRL< | CBG >PRL< | CBG >PRL< | | | | |
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | N/R | 120 | 120 | 90 |

| | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 |
|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $909 | $857 | $805 | $763 | $733 | $709 | $481 | $498 | $468 | $462 |
| | | | | | | | | | | |
| High Balance | $909 | $857 | $805 | $763 | $744 | $724 | $502 | $502 | $502 | $502 |
| Rating | 60 | 30 | OK | OK | OK | OK | OK | OK | OK | OK |

| | 05/2016 | 04/2016 |
|---|---|---|
| Balance | $502 | $485 |
| | | |
| High Balance | $502 | $485 |
| Rating | OK | OK |

**CAPITAL ONE BANK USA NA  #517805786384****
PO BOX 30281
SALT LAKE CITY, UT 84130
(800) 955-7070

| | | | |
|---|---|---|---|
| Date Opened: | 03/03/2011 | Balance: | |
| Responsibility: | Individual Account | Date Updated: | 01/07/2018 |
| Account Type: | Revolving Account | Last Payment Made: | 07/28/2014 |
| Loan Type: | CREDIT CARD | High Balance: | $887 |
| | | Credit Limit: | $750 |

| Pay Status: | >Account Included in Bankruptcy< |
|---|---|
| Date Closed: | 12/07/2014 |

**Remarks:** >CHAPTER 7 BANKRUPTCY<; CLOSED BY CREDIT GRANTOR
**Estimated month and year that this item will be removed:** 08/2021

| | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | 07/2017 | 06/2017 | 05/2017 | 04/2017 | 03/2017 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X |

| | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X |

Page 3 of 16

C-2

| | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X |

| | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | N/R | X | X |

| | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | X | OK | OK | OK | OK | OK | OK | OK |

| | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 06/2011 | 05/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 04/2011 |
|---|---|
| Rating | OK |

**CAPITAL ONE BANK USA NA   #517805930707****
PO BOX 30281
SALT LAKE CITY, UT 84130
(800) 955-7070

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 02/24/2016 | Date Updated: | 01/07/2018 | Pay Status: | >Charged Off< |
| Responsibility: | Individual Account | Last Payment Made: | 12/02/2016 | Terms: | Paid Monthly |
| Account Type: | Revolving Account | Original ChargeOff: | $1,015 | Date Closed: | 08/06/2017 |
| Loan Type: | CREDIT CARD | | | | >Maximum Delinquency of 120 days in 05/2017 for $201 and in 06/2017 for $232< |

**Credit Limit:** Credit limit of $500 from 04/2016 to 07/2016; $750 from 08/2016 to 06/2017; $750 from 08/2017 to 01/2018
**Estimated month and year that this item will be removed:** 01/2024

*No dispute en try within 30 days*

| | 01/2018 | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | 07/2017 | 06/2017 | 05/2017 | 04/2017 |
|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $1,015 | $1,015 | $1,015 | $1,015 | $1,015 | $1,015 | | $995 | $976 | $957 |
| | | | | | | | | | | |
| High Balance | $1,015 | $1,015 | $1,015 | $1,015 | $1,015 | $1,015 | | $995 | $976 | $957 |
| Remarks | CBG >PRL< | CBG >PRL< | CBG >PRL< | CBG >PRL< | CBG >PRL< | CBG >PRL< | | | | |
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | N/R | 120 | 120 | 90 |

C-3



***348331109-013***
TransUnion LLC
PO Box 805
Woodlyn, PA 19094-0805

| | |
|---|---|
| **File Number:** | 348331109 |
| **Page:** | 1 of 1 |
| **Date Issued:** | 5/3/2018 |

P89WEA00205592-I013905-048182905

CHARLES TALLEY JR
1360 DEVONSHIRE LN
HOFFMAN ESTATES, IL 60169-4002

We appreciate you taking the time to contact us at TransUnion. Our goal is to maintain complete and accurate credit information. It's our commitment to you.

Re: Additional Dispute Information

We are in receipt of the additional information regarding your current dispute(s). Due to this additional information, the time frame for completing the investigation has been extended. Your initial correspondence was received on 04/26/2018 and your additional information was received on 05/01/2018, which allows TransUnion fifteen additional days. Therefore, your investigation will be completed on or before 06/08/2018.

Want to Do More to Protect Your Info?
We take protecting your identity seriously and we want to offer you these helpful tips you can take going forward:
- Keep an eye on your credit. Look for signs of suspicious activity, like unfamiliar accounts or credit checks from companies you've never done business with.
- Be careful on the internet. Use secure passwords on your computer and web accounts. Make sure to change them often.
- Lock your credit report. With a service that offers credit lock, you can keep thieves out of your credit report in a matter of seconds.

You can do some of the above on your own, but you can do even more with TrueIdentity. TransUnion created this completely free identity protection service to help everyone with the above key steps. Sign up for TrueIdentity at trueidentity.com/free.

We're here to help. Should you have any further questions please contact us at:
- www.transunion.com
- (800) 916-8800
- P.O. Box 2000
- Chester, PA 19016-2000

Please have your file number ready 348331109

Exhibit-D

PO Box 9701
Allen, TX 75013



0016305  01 MB 0.421  **AUTO  T7 0 7115 60169-400260  -C01-P16321-I
CHARLES TALLEY Jr
1360 DEVONSHIRE LN
HOFFMAN ESTATES IL  60169-4002



# Important Information

Report # **0868-5508-05** for **05/12/18**

## Deár CHARLES TALLEY Jr

When you dispute the accuracy or completeness of
information on your personal credit report and tell us
specifically why you believe the information is inaccurate
or incomplete, we process your dispute as required by law.
We contact the furnisher of the information or the vendor
that collected the information from a public record source
such as a court or other government office.  We ask the
furnisher or the vendor to verify all of the information
regarding the item you disputed, and report back within 30
days of the date that we received your request (21 days
for Maine residents and 45 days for disputes of
information on an annual free credit report). We review
and consider the response to determine whether to accept
it, reject it, or follow up for additional information. If, after
processing, we find that the disputed information is
inaccurate, incomplete or cannot be verified, we then
delete that information, or modify that information, as
appropriate, based upon your dispute and the results of
our processing. If we do not receive a response from the
furnisher or the vendor within the required period, we
update the item as you have requested or delete the
information, and send you the results. In some instances,
upon reviewing your credit file and any relevant
information you have submitted to us, we are able to
determine whether the disputed information should be
changed or deleted without having to contact the furnisher
or the vendor. After we complete our processing, we send
you the results. In addition to your right to dispute
information in your credit file with the credit reporting
agencies, you also have the right to dispute information in
your credit report directly with the furnisher of the
information.

If you question the results of our dispute process, then you
may want to contact the furnisher of information directly or
review the original information in the public record. Please

refer to your original personal credit report for the furnisher
or public records office name, address, and phone
number (if available).

7115-01-00-0016305-0001-0023906

0160544889

Exhibit E

File Number: 348331109
Date Issued: 07/21/2018

Page 4 of 5

# Your Investigation Results

**INVESTIGATION RESULTS - VERIFIED AND UPDATED: The disputed item(s) was verified as belonging to you and information has changed or been updated to reflect recent activity**

## TBOM/TFC #77746**** ( PO BOX 13306, VIRGINIA BEACH, VA 23464, (888) 413-1083 )

We investigated this item, verified it belongs to you, and updated: **Balance; Date Updated; High Balance; Past Due**. Here is how this item appears on your credit report following our investigation.

| | | | |
|---|---|---|---|
| Date Opened: | 10/19/2016 | Balance: | $3,930 |
| Responsibility: | Individual Account | Date Updated: | 07/19/2018 |
| Account Type: | Installment Account | Last Payment Made: | 01/03/2017 |
| Loan Type: | INSTALLMENT SALES CONTRACT | High Balance: | $3,487 |
| | | Past Due: | >$3,692< |

| | |
|---|---|
| Pay Status: | >Account 120 Days Past Due Date< |
| Terms: | $179 per month, paid Monthly |
| >Maximum Delinquency of 120 days in 05/2017 and in 07/2018 for $3,692< | |

Remarks: ACCT INFO DISPUTED BY CONSUMR

**Estimated month and year that this item will be removed: 01/2024**

| | 06/2018 | 05/2018 | 04/2018 | 03/2018 | 02/2018 | 01/2018 | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | 07/2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |

| | 06/2017 | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 |
|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 90 | 60 | 30 | OK | OK | OK |

## TBOM/TFC #77746**** ( PO BOX 13306, VIRGINIA BEACH, VA 23464, (888) 413-1083 )

We investigated this item, verified it belongs to you, and updated: **Date Updated; High Balance; Rating.** Here is how this item appears on your credit report following our investigation.

| | | | |
|---|---|---|---|
| Date Opened: | 10/19/2016 | Balance: | $3,930 |
| Responsibility: | Individual Account | Date Updated: | 07/20/2018 |
| Account Type: | Revolving Account | Last Payment Made: | 01/03/2017 |
| Loan Type: | CHARGE ACCOUNT | High Balance: | $3,487 |
| | | Credit Limit: | $2,500 |
| | | Past Due: | >$3,692< |

| | |
|---|---|
| Pay Status: | >Account 120 Days Past Due Date< |
| Terms: | $179 per month, paid Monthly |
| >Maximum Delinquency of 120 days in 05/2017 and in 07/2018 for $3,692< | |

**Estimated month and year that this item will be removed: 01/2024**

| | 06/2018 | 05/2018 | 04/2018 | 03/2018 | 02/2018 | 01/2018 | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | 07/2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | 120 | 120 | 120 |

| | 06/2017 | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 |
|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 90 | 60 | 30 | OK | OK | OK |

Exhibit-F

Want to review a full copy of your credit report? Get yours at www.transunion.com/fullreport

P 8NOT6-002 00225-I001776 04/08

File Number: 348331109  Page 4 of 5
Date Issued: 08/30/2018

# Your Investigation Results

> **INVESTIGATION RESULTS - VERIFIED AND UPDATED: The disputed item(s) was verified as belonging to you and information has changed or been updated to reflect recent activity.**

## TBOM/TFC #77746**** ( PO BOX 13306, VIRGINIA BEACH, VA 23464, (888) 413-1083 )

We investigated this item, verified it belongs to you, and updated: **Balance; Date Updated; Past Due; Rating.** Here is how this item appears on your credit report following our investigation.

| | | | |
|---|---|---|---|
| Date Opened: | 10/19/2016 | Balance: | $4,076 |
| Responsibility: | Individual Account | Date Updated: | 08/29/2018 |
| Account Type: | Installment Account | Last Payment Made: | 01/03/2017 |
| Loan Type: | INSTALLMENT SALES CONTRACT | High Balance: | $3,487 |
| | | Past Due: | >$4,015< |

Pay Status: >Account 120 Days Past Due Date<
Terms: $179 per month, paid Monthly
>Maximum Delinquency of 120 days in 05/2017 and in 08/2018 for $4,015<

Remarks: ACCT INFO DISPUTED BY CONSUMR
Estimated month and year that this item will be removed: 01/2024

| | 07/2018 | 06/2018 | 05/2018 | 04/2018 | 03/2018 | 02/2018 | 01/2018 | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |

| | 07/2017 | 06/2017 | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 |
|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 90 | 60 | 30 | OK | OK | OK |

■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■

## TBOM/TFC #77746**** ( PO BOX 13306, VIRGINIA BEACH, VA 23464, (888) 413-1083 )

We investigated this item, verified it belongs to you, and updated: **Balance; Date Updated; High Balance; Past Due; Rating.** Here is how this item appears on your credit report following our investigation.

| | | | |
|---|---|---|---|
| Date Opened: | 10/19/2016 | Balance: | $4,076 |
| Responsibility: | Individual Account | Date Updated: | 08/29/2018 |
| Account Type: | Revolving Account | Last Payment Made: | 01/03/2017 |
| Loan Type: | CHARGE ACCOUNT | High Balance: | $3,487 |
| | | Credit Limit: | $2,500 |
| | | Past Due: | >$4,015< |

Pay Status: >Account 120 Days Past Due Date<
Terms: $118 per month, paid Monthly
>Maximum Delinquency of 120 days in 05/2017 and in 08/2018 for $4,015<

Estimated month and year that this item will be removed: 01/2024

| | 07/2018 | 06/2018 | 05/2018 | 04/2018 | 03/2018 | 02/2018 | 01/2018 | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |

| | 07/2017 | 06/2017 | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 |
|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 90 | 60 | 30 | OK | OK | OK |

■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■



Exhibit - G



P 8UJHS-002 00482-I003712 04/0

 **myFICO**    Charles Talley Jr | April 13, 2018 | Equifax

# FICO® Score 8 Summary

## 463

FICO® Score 8 based on Equifax data as of April 13, 2018

### Your FICO® Score is Poor



Your score is well below the average score of U.S. consumers and demonstrates to lenders that you are a risky borrower.

- FICO® Scores range between 300 and 850
- Higher scores are better scores
- The higher your score, the more favorably lenders look upon you as a credit risk

Your FICO® Score considers both positive and negative information in your credit report. The chart below shows the "ingredients" that affected your FICO score. Use this tool to help you understand how your credit behaviors can have a positive or negative impact on your score.

| FICO® score ingredients | How you rate |
|---|---|
| **Payment history** Your history of paying bills on time. | Poor |
| **Amount of debt** Your total amount of outstanding debt. | Fair |
| **Length of credit history** How long you've had credit. | Good |
| **Amount of new credit** Amount of credit you've recently obtained or applied for. | Very Good |

## Additional FICO Score Versions

| FICO Score | Version | Score Range | Score Rating | Negative Score Factors |
|---|---|---|---|---|
| **Commonly Used in Mortgage Lending** | | | | |
| **535** | **FICO® Score 5** Older version, most widely used for mortgage lending | 300-850 | Poor | 1. You have a serious delinquency or derogatory indicator, public record and/or collection on your credit report. |
| | | | | 2. You have one or more accounts showing missed payments or derogatory indicators. |
| | | | | 3. You've made heavy use of your available revolving credit. |
| | | | | 4. You recently missed a payment or had a derogatory indicator reported on your credit report. |

**Commonly Used in Auto Lending**

*Exhibit—H*

https://www.myfico.com/report/printablereport.aspx?notemplate=Y...

## Public Records

Public records are legal records reported on you, usually by a court of law. Adverse public records include bankruptcies, foreclosures, garnishments, and tax liens and they can severely hurt your FICO® score. Other types of public records such as divorces are not considered by your FICO® score.

### Bankruptcy filed on Nov 05, 2014

| | |
|---|---|
| Type | Bankruptcy |
| Court number | 155VF00015 |
| Case number | 1440210 |
| Date filed | Nov 05, 2014 |
| Status | Discharged CH-7 |



Exhibit—H₁

4/13/2018, 11:24 PM

**United States Bankruptcy Court**
**Northern District of Illinois**

Jeffrey P. Allsteadt, Clerk of Court



Date: 05/11/2018

Charles Talley, Jr
1360 Devonshire Ln
Hoffman Estates, IL 60160

Letter to Filer:                               Case Number, *if applicable*: 14-40210

                                                Case Name, *if applicable*:

**RETURN CHECK /MONEY ORDER/CASHIER'S CHECK**

☐ Unsigned

☐ Debtor(s) or Company check unacceptable

☐ No fee is required

☐ **OTHER: Please refer to last page – ADDITIONAL INFORMATION section.**

**NEW BANKRUPTCY CASE**

We were unable to process your case because the following documents are missing and required at case opening:

☐ Voluntary Petition (Official Form 101 or 201)

☐ No form of payment (one of the following is required)
  - Full Filing Fee
  - Application/Order for Individuals to Pay the Filing Fee in Installments (Official Form 103A)
  - Application/Order to Have the Chapter 7 Filing Fee Waived (Official Form 103B)
☐ **OTHER: Please refer to last page – ADDITIONAL INFORMATION section.**

**CORRECTION(S) REQUIRED**

☐ Alias Summons:


☐ Amended Adversary Complaint:


☐ Adversary Proceeding Coversheet:


☐ Amended Petition to Correct:


Exhibit-I

☐ Motion to Redact and Proposed Order[1]

☐ **OTHER: Please refer to ADDITIONAL INFORMATION section below.**

**DEFICIENCY** – Please make all necessary corrections to the document(s) listed below:

☐ Amended Schedule/List of Creditors is deficient for payment. Please submit payment.

☐ Motion is deficient for payment. Please submit payment.

☐ Notice of Motion – please complete and submit.

☐ Proposed Order – please complete and submit.

☐ **OTHER: Please refer to ADDITIONAL INFORMATION section below.**

**INFORMATION**

☑ **CREDIT BUREAU** – The bankruptcy court does NOT perform any activities with the credit bureaus. You must contact the individual credit bureaus for their procedure for removing your bankruptcy filing from their credit report.

☐ No record of the case name or number exists in our court; therefore we cannot process your request and we're returning the enclosed documents to you.

☐ Case name/number is missing. Please provide the case name/number.

☐ There are several debtors listed. Please provide the correct case number.

**ADDITIONAL INFORMATION:**

---

[1] A motion to redact personal information prohibited under Fed.R. Bankr. P. 9037(A) should be filed without notice of motion and without serving other parties. The motion must be accompanied by a redacted version of the filed document and a proposed order requiring the clerk to substitute the redacted document for the un-redacted document. A proposed order can be found on the courts website http://www.ilnb.uscourts.gov under Forms/Local Bankruptcy Forms titled Order to Redact. We are attaching a sample of the order.

**IF APPLICABLE**

Include the name of the debtor/joint debtor, the case number, the signature of the debtor/joint debtor on all required documents.

Include the signature of the attorney representing the debtor/joint debtor.

**FORM OF PAYMENT REQUIREMENT** – Cashier's check or money order payable to **Clerk, U. S. Bankruptcy Court.**

**Mail the required document(s) or payment listed above, including this Letter to my attention at:**

Deputy Clerk    Marvin Miller

Contact Number    312-408-5000

Exhibit-I

June 25, 2018

Charles Talley, Jr.
1360 Devonshire Ln.        **SSN:** ██████-**8070**
Hoffman Estates, IL 60169    **Case #: 96113205**

LexisNexis Consumer center
P.O. Box 105108
Atlanta, GA 30348-5108

To Whom It May Concern:

I have recently been informed that there is negative and inaccurate information reported by LexisNexis and Equifax in the file you maintain under my Social Security number. Equifax states that the information concerning a Bankruptcy was furnished to them by you. Further, I should get in touch with you concerning the furnishing of this information to them, however they state in their credit report, maintained on me that "Court reported it to them."

I challenge the accuracy, compliance and report ability of this listing. Please validate this information with name of Court, and provide me with copies of any documentation of procedure the court used to submit this information to you. In the absence of such documentation. I formally request that this information be immediately deleted from the credit file you maintain under my Social Security number.

Please note that you have 30 days to complete this investigation, as per the Fair Credit Reporting Act Section 611(a)(1)(A), and I am keeping careful record of your actions, including your Method of Verification. I do not consent to e-oscar or any means of automated verification.

Failure to respond satisfactorily within 30 days of receipt of this certified letter may result in a small claims action against your company, seeking $1,000 per violation for:

1.) Defamation
2.) Negligent Enablement of Identity Fraud
3.) Violations of the Fair Credit Reporting Act

My Contact Information below:

Charles Talley, Jr.
SSN: ██████-8070
1360 Devonshire Ln.
Hoffman Estates, IL 60169

.Page 1 of 1

Exhibit-J

 

**LexisNexis®**

LexisNexis Consumer Center

Consumer Number: 12822555

Case Number: 98440885

July 24, 2018


CHARLES TALLEY JR
1360 DEVONSHIRE LN
HOFFMAN ESTATES, IL 60169



Dear: CHARLES TALLEY JR

RE: Results of Reinvestigation

Thank you for your recent correspondence to LexisNexis®. LexisNexis has completed its reinvestigation and reports its findings below. Please be advised that you may receive additional communications if you disputed other items in your LexisNexis file.

| CASE NUMBER | RESOLUTION |
|---|---|
| 98440885, 98440895, 98440905 | After a reinvestigation of the data in question, LexisNexis was unable to verify the accuracy of bankruptcy case number 1440210 within the required timeframe as outlined by the Fair Credit Reporting Act, and subsequently removed this record from your LexisNexis report. |

As a general rule, LexisNexis reviews all relevant information provided to it by consumers regarding disputed items in their file. If the consumer provides source-based evidence proving their position, LexisNexis will update the file with the new information provided.


Please note that the Fair Credit Reporting Act gives you the right to:

- Request a description of the procedure used to determine the accuracy and completeness of disputed information, including the business name and address, and telephone number if reasonably available, of any furnisher of information contacted;

- Add a statement to your file disputing the accuracy or completeness of information. The statement will remain on file and will be furnished to recipients of the file as long as the disputed information is still used;

- Request that LexisNexis furnish notification of the deletion of disputed information or a dispute statement to any person specifically designated by you who has received a LexisNexis consumer report for employment purposes within the past two years, or received a LexisNexis consumer report for any other purpose in the past six months (twelve months for residents of California, Colorado, Maryland, New Jersey, and New York).

For your review, a current copy of your applicable public records disclosure report(s) have been included with this letter. If you have any further questions contact the LexisNexis Consumer Center, by mail (see below for address) please indicate in the Attn: line which Consumer Disclosure Report your question is regarding (see attached reports header for this information), or by email at consumer.documents@LexisNexis.com, or by phone at:

**Accurint for Collections/
Collections Decisioning
888-214-1109**

Exhibit—Jr



 LexisNexis

LexisNexis® Consumer Center
Consumer Number: 12822555

July 31, 2018

CHARLES TALLEY JR
1360 DEVONSHIRE LN
HOFFMAN ESTATES, IL 60169

Dear Consumer:

You recently requested that LexisNexis® Risk Solutions Inc. ("LexisNexis") initiate on your behalf disputes with Equifax regarding information reflected on your personal credit report. In accordance with the federal Fair Credit Reporting Act (FCRA) as amended by the Fair and Accurate Credit Transactions Act of 2003 (FACT Act), we communicated your dispute to Equifax.

To date we have not received a response to the dispute from Equifax. The dispute results may have been communicated directly to you, the dispute submission or results may have been lost in transmission between the credit reporting agency and LexisNexis, or for some other reason the results have not yet been received. We have contacted Equifax and requested a status of the dispute. Any results provided to us will be forwarded to you via U.S. mail if a response is received.

As an alternative, you may wish to contact Equifax yourself and initiate a dispute of your credit file. To do so you should first request a current copy of your credit report from Equifax. When you receive your report, you will then need to communicate your dispute directly to the agency from which you obtained your report. For questions, additional information, or to order a copy of your report, please contact Equifax at:

**Equifax**
P.O. Box 105873
Atlanta, GA 30374
800-685-1111
www.equifax.com

If you have any further questions, you may contact the LexisNexis Consumer Center via email at consumer.documents@LexisNexis.com or by phone at 866-323-0932. The LexisNexis Consumer Center's hours of operation are Monday – Friday from 8:00 A.M. to 7:00 P.M. Eastern Time. In an effort to protect your privacy and deliver prompt service, please have your Case Number (located at the top of this page) accessible when you call our support number.

Thank you for allowing us the opportunity to assist you.

LexisNexis Consumer Center
Attn: Credit
P.O. Box 105289
Atlanta, GA 30348-5289

CD170-05-15e

Total Pages 2 of 2

Exhibit-J₂

PO Box 9701
Allen, TX 75013



0005954 02 MB 0.421 **AUTO  T2 0 7107 60169-400260   -C02-P05959-I
CHARLES TALLEY Jr
1360 DEVONSHIRE LN
HOFFMAN ESTATES IL  60169-4002

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||



# Your Credit Report

Report # **3820-7737-91** for **05/04/18**

# CHARLES TALLEY Jr

In response to your recent request, we are pleased to send you this credit report. Your credit information can change over time, so we recommend you keep track of any changes by signing up for credit monitoring at **experian.com/monitor**.

### Disputing information in this report

Before contacting us, please review this report carefully. If you disagree with an item, you may dispute it. We will process your dispute generally by sending your dispute to the furnisher of the information or to the vendor who collected the information from a public record.

The fastest and easiest way to dispute most information is to visit us at:
**www.experian.com/disputes**

You can also submit your disputes in writing by mailing them to:

Experian, NCAC, PO BOX 9701, Allen TX 75013

### Call us with your disputes or questions:
800 509 8495, M - F 8am to 10pm and S - S 10am to 7pm, CT

You may also submit additional relevant information or supporting documentation for your disputes electronically at experian.com/upload. Be advised that written information or documents you provide with respect to your disputes may be shared with any and all creditors with which you are disputing.

*Medical Information*

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

> You have your Credit Report.
>
> ## Now, keep an eye on it for free.
>
> Get these free benefits, with no credit card required:
>
> • Your Experian Credit Report (refreshed every 30 days upon sign in)
> • Experian credit monitoring & alerts
> • Educational resources
>
> Enroll today at experian.com/view

# Payment History Legend

| | | | |
|---|---|---|---|
| Current/Terms of agreement met | **CRD** Creditor received deed | **G** Claim filed with government |
| Account 30 days past due | **FS** Foreclosure proceedings started | **D** Defaulted on contract |
| Account 60 days past due | **F** Foreclosed | **C** Collection |
| Account 90 days past due | **VS** Voluntarily surrendered | **CO** Charge off |
| Account 120 days past due | **R** Repossession | **CLS** Closed |
| Account 150 days past due | **PBC** Paid by creditor | **ND** No data for this time period |
| **180** Account 180 days past due | **EC** Insurance claim | |

*If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your account history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data

Exhibit-J3

7107-02-00-0005954-0001-0043351

**CHARLES TALLEY Jr** Report # 3820-7737-91 for **05/04/18**

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years. Unpaid tax liens may remain for up to 10 years from the filing date, and paid tax liens may remain for up to seven years from the filing date. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

## Public Records

| | | | |
|---|---|---|---|
| **US BKPT CT IL CHICAGO** | **Identification number** | **Date filed** | **Status** |
| 219 S DEARBORN ST FL 6 | 1440210JPC | Nov 2014 | Chapter 7 bankruptcy discharged. |
| CHICAGO IL 60604 | **Responsibility** | **Date resolved** | This item is scheduled to continue on |
| **(312) 435 5694** | Individual | Feb 2015 | record until Nov 2024. |
| **Address identification number** | | **Claim amount** | |
| 0118029567 | | $0 | |
| | | **Liability amount** | |
| | | $0 | |

## Credit items

### BARCLAYS BANK DELAWARE Partial account # 00005616165.... PO BOX 8803, WILMINGTON, DE 19899 or (866) 370 5931

| | |
|---|---|
| **Date opened** Aug 2007 | **First reported** Mar 2011 |
| **Address ID #** 0118029567 | **Terms** Not reported |
| **Type** Credit card | **Monthly payment** Not reported |
| **Responsibility** Individual | **Credit limit or original amount** $850 |
| | **High balance** $973 |

**Recent balance** Not reported
**Status** Discharged through Bankruptcy Chapter 7.
**Comment** Completed investigation of FCRA dispute - consumer disagrees.
**Comment:** Account closed at credit grantor's request.
**Account History** Debt included in Chapter 7 Bankruptcy on Nov 05, 2014.
**Date of Status** Nov 2014

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | | | | | | | | | | | | |
| 2013 | | | | Full Year - In Good Standing | | | | | | | | |
| 2012 | | | | Full Year - In Good Standing | | | | | | | | |
| 2011 | | | | | | | | | | | | |

### CAPITAL ONE Partial account # 517805766902.... PO BOX 30285, SALT LAKE CITY, UT 84130 or (800) 227 4825

| | |
|---|---|
| **Date opened** Mar 2016 | **First reported** Apr 2016 |
| **Address ID #** 0118029567 | **Terms** Not reported |
| **Type** Credit card | **Monthly payment** Not reported |
| **Responsibility** Individual | **Credit limit or original amount** $750 |
| | **High balance** $990 |

**Recent balance** $990 as of Apr 2018
**Status** Account charged off. $990 written off. $990 past due as of Apr 2018. This account is scheduled to continue on record until Nov 2023.
**Comment** Account previously in dispute - investigation complete, reported by data furnisher.
**Comment:** Account closed at credit grantor's request.
**Date of Status** Aug 2017

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2018 | CO | CO | CO | CO | | | | | | | | |
| 2017 | | | | | | | ND | CO | CO | CO | CO | CO |
| 2016 | | | | OK | OK | OK | OK | OK | OK | OK | OK | OK |

**Account History** * (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Mar18 | Feb18 | Jan18 | Dec17 | Nov17 | Oct17 | Sep17 | Aug17 | Jun17 | May17 | Apr17 | Mar17 | Feb17 | Jan17 | Dec16 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| B ($) | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 970 | 949 | 929 | 909 | 857 | 805 | 763 |
| PR | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec16 |
| PA ($) | ND | ND | ND | ND | ND | ND | ND | ND | 30 | 29 | 29 | 60 | 61 | 49 | 25 |
| AP ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

0160544889

Exhibit-J4

0118029567

7107-02-00-0005954-0001-0043351

## *my* **FICO**.    Charles Talley Jr | February 8, 2018 | Equifax

# FICO® Score 8 Summary

# 494

FICO® Score 8 based on Equifax
data as of February 8, 2018

Your FICO® Score considers both positive and negative
information in your credit report. The chart below shows the
"ingredients" that affected your FICO score. Use this tool to
help you understand how your credit behaviors can have a
positive or negative impact on your score.

## Your FICO® Score is Poor



POOR    FAIR    GOOD    VERY GOOD    EXCEPTIONAL

Your score is well below the average score of U.S.
consumers and demonstrates to lenders that you are
a risky borrower.

- FICO® Scores range between 300 and 850
- Higher scores are better scores
- The higher your score, the more favorably lenders
  look upon you as a credit risk

| FICO® score ingredients | How you rate |
|---|---|
| **Payment history** Your history of paying bills on time. | Poor |
| **Amount of debt** Your total amount of outstanding debt. | Fair |
| **Length of credit history** How long you've had credit. | Good |
| **Amount of new credit** Amount of credit you've recently obtained or applied for. | Very Good |

## Additional FICO Score Versions

| FICO Score | Version | Score Range | Score Rating | Negative Score Factors |
|---|---|---|---|---|
| **Commonly Used in Mortgage Lending** | | | | |
| **551** | **FICO® Score 5** Older version, most widely used for mortgage lending | 300-850 | Poor | 1. You have a serious delinquency or derogatory indicator, public record and/or collection on your credit report. 2. You have one or more accounts showing missed payments or derogatory indicators. 3. You've made heavy use of your available revolving credit. 4. You recently missed a payment or had a derogatory indicator reported on your credit report. |

**Commonly Used in Auto Lending**

Exhibit-J5

2/8/2018, 8:23 AM

Case: 1:18-cv-06716 Document #: 1 Filed: 10/04/18 Page 58 of 63 PageID #:58

https://www.myfico.com/report/printablereport.aspx?notemplate=Y...

## Public Records

Public records are legal records reported on you, usually by a court of law. Adverse public records include bankruptcies, foreclosures, garnishments, and tax liens and they can severely hurt your FICO® score. Other types of public records such as divorces are not considered by your FICO® score.

### Bankruptcy filed on Nov 05, 2014

| | |
|---|---|
| Type | Bankruptcy |
| Court number | 155VF00015 |
| Case number | 1440210 |
| Date filed | Nov 05, 2014 |
| Status | Discharged CH-7 |



Exhibit-J₆

2/8/2018, 8:23 AM

**CHARLES TALLEY Jr|** Report # **2749-9253-86** for **06/21/18**

as applying for credit, insurance, employment or apartment rental.

If interested, you may also request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit experian.com/consumerfaqs.

If no information follows, our response appeared on the previous page.

**Medical Information**
By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (e.g. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

**Here are your results**
**We completed the processing of your dispute(s).**

**Public records**

US BKPT CT IL CHICAGO 144021....
Outcome: Remains - The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute. Please review your report for the details.

**Still pending**

FIRST PREMIER BANK 517800664704....
Projected completion date: Jul 05, 2018

## Public Records

**Before dispute**

| | | | | |
|---|---|---|---|---|
| **US BKPT CT IL CHICAGO**<br>219 S DEARBORN ST FL 6<br>CHICAGO IL 60604<br>**(312) 435 5694**<br>**Address identification number**<br>0118029567 | **Identification number**<br>1440210JPC<br>**Responsibility**<br>Individual | **Date filed**<br>Nov 2014<br>**Date resolved**<br>Feb 2015 | **Claim amount**<br>$0<br>**Liability amount**<br>$0 | **Status**<br>Chapter 7 bankruptcy discharged.<br>This item is scheduled to continue on record until Nov 2024. |

# Payment History Legend

| | | | |
|---|---|---|---|
| Current/Terms of agreement met | **CRD** Creditor received deed | **G** Claim filed with government | |
| Account 30 days past due | **FS** Foreclosure proceedings started | **D** Defaulted on contract | |
| Account 60 days past due | **F** Foreclosed | **C** Collection | |
| Account 90 days past due | **VS** Voluntarily surrendered | **CO** Charge off | |
| Account 120 days past due | **R** Repossession | **CLS** Closed | |
| Account 150 days past due | **PBC** Paid by creditor | **ND** No data for this time period | |
| **180** Account 180 days past due | **EC** Insurance claim | | |

*If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your account history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data

Your accounts that may be considered negative

0160544889

*Exhibit - J7*



credit information as a result of an action you took, such as applying for credit, insurance, employment or apartment rental.

If interested, you may also request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit experian.com/consumerfaqs.

If no information follows, our response appeared on the previous page.

**Medical Information**

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (e.g. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.



**Here are your results**

We completed the processing of your dispute(s).

**Public records**

US BKPT CT IL CHICAGO 144021....

Outcome: Remains - The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute. Please review your report for the details.

## Public Records

**Before dispute**

| | | | | |
|---|---|---|---|---|
| **US BKPT CT IL CHICAGO** | **Identification number** | **Date filed** | **Claim amount** | **Status** |
| 219 S DEARBORN ST FL 6 | 1440210JPC | Nov 2014 | $0 | Chapter 7 bankruptcy discharged. |
| CHICAGO IL 60604 | **Responsibility** | **Date resolved** | **Liability amount** | This item is scheduled to continue on |
| **(312) 435 5694** | Individual | Feb 2015 | $0 | record until Nov 2024. |
| **Address identification number** | | | | This item remained unchanged from |
| 0118029567 | | | | our processing of your dispute in Jun 2018. |

# Payment History Legend

| | | | | | |
|---|---|---|---|---|---|
| Current/Terms of agreement met | **CRD** | Creditor received deed | **G** | Claim filed with government |
| Account 30 days past due | **FS** | Foreclosure proceedings started | **D** | Defaulted on contract |
| Account 60 days past due | **F** | Foreclosed | **C** | Collection |
| Account 90 days past due | **VS** | Voluntarily surrendered | **CO** | Charge off |
| Account 120 days past due | **R** | Repossession | **CLS** | Closed |
| Account 150 days past due | **PBC** | Paid by creditor | **ND** | No data for this time period |
| **180** Account 180 days past due | **EC** | Insurance claim | | |

*If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your account history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data

The most common items in this section are late payments, accounts that have been charged off or sent to collection, and bankruptcies. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments may remain on the credit report for up to



**CHARLES TALLEY Jr| Report # 0609-2441-85 for 09/26/18**

seven years. Chapters 7, 11 and 12 bankruptcies may remain on the credit report for up to 10 years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

## Public Records

| | | | | |
|---|---|---|---|---|
| **US BKPT CT IL CHICAGO**<br>219 S DEARBORN ST FL 6<br>CHICAGO IL 60604<br>**(312) 435 5694**<br>**Address identification number**<br>0118029567 | **Identification number**<br>1440210JPC<br>**Responsibility**<br>Individual | **Date filed**<br>Nov 2014<br>**Date resolved**<br>Feb 2015 | **Claim amount**<br>$0<br>**Liability amount**<br>$0 | **Status**<br>Chapter 7 bankruptcy discharged.<br>This item is scheduled to continue on record until Nov 2024.<br>This item remained unchanged from our processing of your dispute in Jun 2018. |

## Credit items

### BARCLAYS BANK DELAWARE Partial account # 00005616165....

PO BOX 8803, WILMINGTON, DE 19899 or (866) 370 5931

| | | |
|---|---|---|
| **Date opened**<br>Aug 2007<br>**Address ID #**<br>0118029567<br>**Type**<br>Credit card<br>**Responsibility**<br>Individual | **First reported**<br>Mar 2011<br>**Terms**<br>Not reported<br>**Monthly payment**<br>Not reported<br>**Credit limit or original amount**<br>$850<br>**High balance**<br>$973 | **Recent balance**<br>Not reported<br>**Status**<br>Discharged through Bankruptcy Chapter 7.<br>**Comment**<br>Completed investigation of FCRA dispute - consumer disagrees.<br>**Comment:**<br>Account closed at credit grantor's request.<br>**Account History**<br>Debt included in Chapter 7 Bankruptcy on Nov 05, 2014.<br>**Date of Status**<br>Nov 2014 |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | | | | | | | | | | | | |
| 2013 | | | | | | | | | | | | |
| 2012 | | | | | | | | | | | | |
| 2011 | | | | | | | | | | | | |

### CAPITAL ONE Partial account # 517805766902....

PO BOX 30285, SALT LAKE CITY, UT 84130 or (800) 227 4825

| | | |
|---|---|---|
| **Date opened**<br>Mar 2016<br>**Address ID #**<br>0118029567<br>**Type**<br>Credit card<br>**Responsibility**<br>Individual | **First reported**<br>Apr 2016<br>**Terms**<br>Not reported<br>**Monthly payment**<br>Not reported<br>**Credit limit or original amount**<br>$750<br>**High balance**<br>$990 | **Recent balance**<br>$990 as of Sep 2018<br>**Status**<br>Account charged off.<br>$990 written off. $990 past due as of Sep 2018.<br>This account is scheduled to continue on record until Nov 2023.<br>**Comment**<br>Account previously in dispute - investigation complete, reported by data furnisher.<br>**Comment:**<br>Account closed at credit grantor's request.<br>This item was updated from our processing of your dispute in Jun 2018.<br>**Date of Status**<br>Aug 2017 |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2018 | CO | CO | CO | CO | CO | CO | CO | CO | CO | | | |
| 2017 | | | | | | | | CO | CO | CO | CO | CO |
| 2016 | | | | | | | | | | | | |

**Account History \*** (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Aug18 | Jul18 | Jun18 | May18 | Apr18 | Mar18 | Feb18 | Jan18 | Dec17 | Nov17 | Oct17 | Sep17 | Aug17 | Jun17 | May17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 970 | 949 |
| DPR | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 |
| SPA ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | 30 | 29 |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

| | Apr17 | Mar17 | Feb17 | Jan17 | Dec16 | Nov16 | Oct16 | Sep16 |
|---|---|---|---|---|---|---|---|---|
| AB ($) | 929 | 909 | 857 | 805 | 763 | 733 | 709 | 481 |
| DPR | Dec12 | Dec12 | Dec12 | Dec12 | Dec12 | Nov22 | Oct25 | Sep26 |

Exhibit-J9



LexisNexis·

Exhibit J₁₀

10

# Questions?

Banko is a consumer reporting agency product provided by LexisNexis Risk Solutions and Banko reports constitute consumer reports, as such terms are defined in the Federal Fair Credit Reporting Act, 15 U.S.C. Sec. 1681, et seq. Banko is fully compliant with FCRA, and Banko and Banko reports may only be accessed for an FCRA permissible purpose.

Due to the nature of the origin of public record information, the public records and commercially available data sources used in reports may contain errors. Source data is sometimes reported or entered inaccurately, processed poorly or incorrectly, and is generally not free from defect. This product or service aggregates and reports data, as provided by the public records and commercially available data sources and is not the source of the data, nor is it a comprehensive compilation of the data.

Before relying on any data, it should be independently verified.

LexisNexis and Knowledge Burst logo are registered trademarks of Reed Elsevier Properties Inc., used under license. Banko is a registered trademark of LexisNexis Risk Solutions FL Inc. Copyright © 2010 LexisNexis Risk Solutions. All rights reserved.

LexisNexis®

Exhibit-J